**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANKLIN HAROLD BARNEY,** | : | **CIVIL ACTION NO. 1:26-CV-1621** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN USP-CANAAN,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241. Petitioner, Franklin Harold Barney, seeks to have additional good time credits and credits pursuant to the First Step Act ("FSA") and Second Chance Act ("SCA") applied to his sentence. The petition will be dismissed for failure to exhaust administrative remedies.

## I.    Factual Background & Procedural History

Barney is serving a criminal sentence imposed by the United States District Court for the District of Maryland. (Doc. 1 at 3). He is housed in Canaan United States Penitentiary ("USP-Canaan"). Barney filed this case on June 12, 2026. (Doc. 1). He asserts that the Bureau of Prisons ("BOP") has miscalculated his sentence by failing to give him sufficient good time, FSA, and SCA credits. (Id.) He concedes that he has not exhausted administrative remedies, but he argues that exhaustion should be excused because the date he would be released if all the time credits at issue were applied to his sentence has purportedly already passed. (Id. at 4-6).

## II.   Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.   Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is

exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. <u>Vasquez v. Strada</u>, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. <u>Rose v. Lundy</u>, 455 U.S. 509, 516 n.7 (1982).

In this case, Barney acknowledges that he failed to exhaust administrative remedies, but he argues that exhaustion should be excused because the release date he would purportedly be entitled to if all relevant time credits were applied to his sentence has already passed. (Doc. 1 at 4-6). This argument is meritless. As numerous courts in this circuit have recognized, an inmate cannot be excused from the exhaustion requirement "simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date." <u>Meadows v. Warden, FCI-Allenwood Low</u>, No. 3:24-CV-952, 2024 WL 3871810, at *2 (M.D. Pa. Aug. 19, 2024) (collecting cases). Accordingly, the petition will be dismissed without prejudice for failure to exhaust administrative remedies.

## III.  <u>Conclusion</u>

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:  June 25, 2026

3